AMERICAN ARBITRATION ASSOCIATION
-------------------------------------------------------------------------X
DIEGO ARMANDO OREA CARILLO,

                                        **Claimant,**         COMPLAINT

                    -against-

COSAN CONSTRUCTION CORP.,
COSAN NEW YORK INC., and
TERENCE FERGUSON, individually,

                                        **Respondents.**

-------------------------------------------------------------------------X

Claimant Diego Armando Orea Carillo (referred to herein as "Claimant" or "Orea") by and through his attorney, Jacob Aronauer of The Law Offices of Jacob Aronauer, complaining of Respondents Cosan Construction Corp., Cosan New York, Inc., and Terence Ferguson, individually, (collectively herein "Cosan Construction" or "Respondents"), alleges the following:

## NATURE OF THE ACTION

1. This is a lawsuit brought on behalf of Claimant to recover overtime compensation under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") against Respondents.

2. Claimant worked on behalf of Respondents.

3. As discussed in more detail below, Respondents performed construction work on buildings throughout the New York City area.

4. Claimant brings this action on behalf of himself to remedy violations of the wage-and-hour provisions of the FLSA by Respondents.

5. Claimant also brings this action under the Wage Theft Prevention Act for Respondents' failure to provide written notice of wage rates in violation of said laws.

6. Claimant seeks injunctive and declaratory relief against Respondents for their unlawful actions, compensation for their failure to pay overtime wages, liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and the NYLL.

## JURISDICTION AND VENUE

7. Claimant entered into an arbitration agreement with respect to his employment with Respondents.

## PARTIES

**Claimant Diego Armando Orea Carillo**

8. Orea was an employee of Respondents.

9. From February 19, 2020 until March 2022 Orea worked for Respondents.

10. Orea was employed as a laborer at various construction sites in New York City.

11. Orea was a covered employee within the meaning of the FLSA and NYLL.

**Respondents**

**Cosan Construction Corp.**

12. Respondent Cosan Construction Corp. is a domestic business corporation engaged and operating in the construction industry.

13. On information and belief, the corporate address for Cosan Construction Corp. is 734 S. Columbus Ave., Mount Vernon, NY 10550.

14. Since on or about March 2014, Cosan Construction Corp. has been incorporated.

15. At all times relevant to this action, Cosan Construction Corp. was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

16. Cosan Construction Corp. has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

**Cosan New York Inc.**

17. Respondent Cosan New York Inc. is a domestic business corporation engaged and operating in the construction industry.

18. On information and belief, the corporate address for Cosan New York Inc. is 734 S. Columbus Ave., Mount Vernon, NY 10550.

19. Since on or about March 2, 2018, Cosan New York Inc. has been incorporated.

20. At all times relevant to this action, Cosan New York Inc. was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

21. Cosan New York Inc. has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

**Terence Ferguson**

22. On information and belief, Terence Ferguson ("Ferguson") owns and controls both Cosan Construction Corp. and Cosan New York Inc.

23. On information and belief, Ferguson has complete control of Cosan Construction Corp. and Cosan New York Inc.

24. On information and belief, Ferguson determines the salaries and work schedules of its employees, including but not limited to, construction employees.

## STATEMENT OF FACTS

### Respondents

25. On information and belief, since 2014 Cosan Construction has been in the construction business.

26. On information and belief, Ferguson is the owner and President of Cosan Construction.

27. According to Cosan Construction's LinkedIn profile, Cosan Construction is a "Masonry & Self Leveling company focusing on large scale affordable and market rate housing developments."

28. Cosan Construction requires a significant percentage of their construction laborers to work more than 40 hours a week.

29. Cosan Construction usually does not pay their employees time and one half for all work performed after 40 hours a week.

### Previous Lawsuits Against Respondents

30. Respondents have been subject to at least two other lawsuits for unpaid wages brought by their employees.

31. *Sanchez et al v. Cosan Construction Corp. et al.,* 21-cv-06744 (PGG) was brought against Respondents in the Southern District of New York, United States District Court.

32. On August 10, 2021, *Sanchez et al v. Cosan Construction Corp. et al.,* 21-cv-06744 was filed.

33. Since *Sanchez* was filed, more than ten individuals have filed consents to join the case.

34. This matter is currently pending.

35. On September 3, 2021, *Melendez v. Cosan Construction Corp. et al.,* 21-cv-07426 was brought against Respondents in the Southern District of New York, United States District Court.

36. The Plaintiff in *Melendez* signed an arbitration agreement and *Melendez* is currently pending in arbitration.

**Diego Armando Orea Carillo's Employment at Respondents**

37. As noted earlier, Orea worked on behalf of Respondents as a construction laborer.

38. In 2020, Orea was paid $24 per hour for all work performed, including work performed after 40 hours.

39. From 2021 until the end of his employment, Orea was paid $26 per hour for all work performed, including work performed after 40 hours.

40. Throughout Orea's employment with Respondents, Orea was paid by two separate checks for his hours worked each week.

41. One check was from Cosan Construction Corp and the other check was from Trade Solutions Inc.

42. For instance, on January 18, 2022, Orea received a check from Cosan Construction Corp for $1,028.93, and a check from Trade Solutions Inc for $128.07.

43. Annexed as Exhibit A are examples of the separate checks issued to Orea.

44. Respondents paid Orea through two separate companies to avoid paying time and a half as required under the FLSA and NYLL.

45. Orea worked on behalf of Respondents Monday to Friday, and two Saturdays per month, from 7:00 a.m. to 3:30 p.m.

46. Orea did not work overtime from on or about December 2020 through February 2021.

47. Throughout Orea's employment with Respondents, he was required to clock in and out using an app on his phone.

48. When Respondents paid Orea, they did not take legally required withholdings.

**Respondents' Violations of the Wage Theft Prevention Act**

49. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates upon hire and when they receive wage increases.

50. Throughout Claimant's employment with Respondents, Respondents paid Claimant wages without the proper accompanying statement listing the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

51. Claimant was never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or

principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

52. Upon information and belief, wage notices and statutory notices were never given to or signed by any employee at Respondents.

53. In addition, Respondents failed to provide proper wage statements as required under NYLL 195(3).

**FIRST CAUSE OF ACTION**
**Unpaid Overtime Wages in Violation of the Fair Labor Standards Act**

54. Claimant re-alleges and incorporates by reference all allegations in all preceding paragraphs.

55. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Respondents and protect Claimant.

56. Claimant worked more than forty hours during some workweeks in the relevant period.

57. Respondents willfully failed to pay Claimant the appropriate overtime premiums for all hours worked more than 40 hours per workweek, as required by the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations.

58. Respondents' unlawful conduct, as described in this Complaint, has been willful and intentional. Respondents are aware or should have been aware that the practices described in this Complaint were unlawful. Respondents have not made a good faith effort to comply with the FLSA with respect to the compensation of Claimant.

59. Because Respondents' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

60. As a result of Respondents' willful violations of the FLSA, Claimant has been deprived of overtime compensation in amounts to be determined at arbitration, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. §§ 201 *et seq*.

**SECOND CAUSE OF ACTION**
**New York Labor Law-Unpaid Overtime**

61. Claimant re-alleges and incorporates by reference all allegations in all preceding paragraphs.

62. Respondents failed to pay Claimant the proper overtime wages to which he is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

63. Respondents failed to pay Claimant the appropriate overtime premiums for all work more than forty hours per workweek.

64. Through their knowing or intentional failure to pay Claimant overtime wages for hours worked more than forty hours per workweek, Respondents have willfully violated the NYLL, Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations.

65. Due to Respondents' willful violations of the NYLL, Claimant is entitled to recover from Respondents his unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

**THIRD CAUSE OF ACTION**
**New York Labor Law-Failure to Provide Annual Wage Notices**

66. Claimant re-alleges and incorporates by reference all allegations in all preceding paragraphs.

67. Respondents willfully failed to supply Claimant with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Claimant as his primary language, containing Claimant's rate or rates of pay, including but not limited to overtime rates of pay and basis thereof; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191.

68. Through their knowing or intentional failure to provide Claimant notices required by the NYLL, Respondents willfully violated NYLL, Article 6, §§ 190 *et seq*.

69. Due to Respondents' willful violations of NYLL, Article 6, § 195(1), Claimant is entitled to statutory penalties of fifty dollars for each workday that Respondents failed to provide Claimant with wage notices, or a total of 5 thousand dollars, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

**FOURTH CAUSE OF ACTION**
**New York Labor Law-Failure to Provide Wage Statements**

70. Claimant re-alleges and incorporates by reference all allegations in all preceding paragraphs.

71. Respondents willfully failed to supply Claimant with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate

    or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

72. Through their knowing or intentional failure to provide Claimant with the wage statements required by the NYLL, Respondents willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations regulations.

73. Due to Respondents' willful violations of NYLL, Article 6, § 195(3), Claimant is entitled to statutory penalties of two hundred and fifty dollars for each workday that Respondents failed to provide Claimant with accurate wage statements, or a total of five thousand dollars, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

### **PRAYER FOR RELIEF**

WHEREFORE, Claimant prays for the entry of an order and judgment against Cosan Construction Corp., Cosan New York Inc., and Terence Ferguson, individually and severally, as follows:

(a) Damages for unpaid overtime wages due to Claimant, in an amount to be determined at arbitration, liquidated damages as provided by the FLSA, interest, attorneys' fees, and the cost of the action;

(b) Damages for unpaid overtime wages due to Claimant, in an amount to be determined at arbitration, liquidated damages as provided by the NYLL, interest, attorneys' fees, and the cost of the action;

(c) Penalties of fifty dollars for each workday that Respondents failed to provide Claimant with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6, § 198;

(d) Penalties of two hundred and fifty dollars for each workday that Respondents failed to provide Claimant with accurate wage statements, or a total of five thousand dollars, as provided for by NYLL, Article 6, § 198;

(e) For pre-judgment and post-judgment interest on the foregoing amounts;

(f) For the costs and disbursements of the action, including attorneys' fees;

(g) For such other further and different relief as the arbitrator deems just and proper.

Dated:   July 23, 2022
         New York, New York

                                        Respectfully submitted,

                                        **THE LAW OFFICES OF JACOB ARONAUER**

                                        */s/ Jacob Aronauer*
                                        Jacob Aronauer
                                        *Attorney for Claimant*