The Law Offices of Jacob Aronauer<br>
225 Broadway, 3rd Floor<br>
New York, New York 10007<br>
(212) 323-6980<br>
jaronauer@aronauerlaw.com

January 11, 2023

**Via ECF**
Hon. Vernon S. Broderick
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

        ***Re:***    ***Linares v. Cosan Construction Corp. et al.***
                  22-cv-06267 (VSB)

Dear Judge Broderick:

       This letter is respectfully submitted on behalf of all parties in the above-captioned matter, seeking the Court's approval of the settlement reached between the parties, per the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), as Plaintiff's claims arise under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

       The parties have memorialized and executed a proposed settlement agreement, as well as a Stipulation of Dismissal, which will discontinue the above-captioned case, with prejudice, in exchange for a payment by Defendants Cosan Construction Corp. ("Cosan Construction"), Cosan New York, Inc., and Terence Ferguson ("Ferguson"), to Plaintiff Jose Linares ("Plaintiff") in the amount of $10,200.00 in satisfaction for all claims raised in this action (and in accordance with the terms of the settlement agreement). Pursuant to the terms of the settlement agreement, Plaintiff will receive $6,666.67 and Plaintiff's counsel will retain $3,533.33.

       A copy of the executed settlement agreement is annexed as Exhibit A.

***Claims and Defenses***

       It is respectfully submitted that there are factual and legal disputes between the parties which could ultimately impact each party's ability to prevail if this case proceeded to dispositive motion practice or to trial.

### Plaintiff's Position

       Plaintiff commenced this action seeking alleged unpaid wages pursuant to the FLSA and NYLL (both for minimum wage and overtime), as well as damages for alleged wage notice and wage statement violations. From on or about July 2020 through January 12, 2022 Plaintiff worked

for Cosan Construction. Plaintiff alleges that for most of his employment he worked more than 40 hours a week but was not paid time and a half for work performed after 40 hours. Rather, Plaintiff alleges, he was paid only straight time for work performed after 40 hours. Plaintiff also alleges that he was not provided with a wage hire notice and correct wage statements as required under The Wage Theft Prevention Act ("WTPA").

A spreadsheet setting forth Plaintiff's alleged damages is annexed. Plaintiff's "best scenario" is over $15,000.00. As reflected in the damage calculations, Plaintiff believes he is owed approximately $2,800.00 in unpaid overtime. Thus, even after attorney fees, with respect solely to unpaid wages, Plaintiff is being made more than whole.

### Defendants' Position

As a general matter, Defendants dispute and deny Plaintiff's substantive allegations asserted in this case. Among other things, Plaintiff's alleged hours worked are inconsistent with Cosan Construction's time records, and Defendants likewise submit that Plaintiff was fully compensated for all hours worked, including overtime hours at time and a half.

### *The Settlement Terms*

Pursuant to the Settlement Agreement, the parties have agreed to the following break-down as to payment of the total $10,200.00 settlement amount:

- Plaintiff:                                $6,666.67
- Attorneys' fees and expenses:             $3,533.33

Defendants will issue payment in one lump sum payment. The total payment of $10,200 is due within seven days of Court approval.

The parties believe this settlement to be a fair resolution to this litigation, due to the disputes about the value and viability of Plaintiff's claims.

### *The Settlement Should be Approved*

The standard for approval of FLSA settlements is well-established in the Second Circuit. As stated by the court in *Serebryakov v. Golden Touch Transp. of NY. Inc.*, No. 12-3990 (NGG)(RER), 2013 WL 3364393, at *2 (E.D.N.Y. 2013), "[i]n the absence of a certified class, a district court typically considers the following factors to determine whether a settlement of individual FLSA claims is reasonable: (1) the complexity, expense, and likely duration of litigation; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability; (4) the risks of establishing damages; (5) the ability of defendants to withstand a larger judgment; and (6) the range of reasonableness in light of the best possible recovery and all the risks of litigation." *Id.* at *2 (citations omitted); *see also Diaz v. Scores Holding Co.*, No. 07-8718 (THK), 2011 WL 6399468, at *2 (S.D.N.Y. 2011) ("Courts approve FLSA settlements when they are reached because of contested litigation to resolve *bonafide* disputes...Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, courts will approve the settlement") (citations omitted).

Based on the *bona fide* disputes as to the value and viability of Plaintiff's claims, as well as the inherent risks of trial, the parties respectfully submit that the Settlement Agreement represents a fair and reasonable settlement of Plaintiff's claims in this action.

As set forth above, while Plaintiff believes he would prevail on his claims, he acknowledges that he faces significant risk in establishing liability and damages should this case proceed. Plaintiff is cognizant of the risks and uncertainty of protracted litigation, motion practice, potential appeals, and other factors that might affect his ability to recover on any of the claims asserted in this action.

It is respectfully submitted that approval of this settlement is warranted because it is the product of a mediation with an experienced mediator, as well as arms-length negotiations between parties represented by knowledgeable and experienced counsel who focus their respective practices on wage and hour litigation. *Wolinsky v. Scholastic, Inc.,* 900 F.Supp.2d 322 (S.D.N.Y. 2012). In negotiations, the parties shared their respective views on the validity and potential value of the claims, and ultimately reached a deal that both sides felt, given the risks associated with protracted litigation, was a fair compromise. Settlement at this stage of the case for this amount unquestionably constitutes the most efficient and effective conclusion to this litigation for all parties.

Plaintiff's counsel represents clients (the present Plaintiff included) on a contingency-fee basis, calculated during this case at 33.33% percent after reimbursement of expenses. This was the rate agreed upon by Plaintiff and counsel at the outset via a retainer agreement. To date, Plaintiff's counsel bore all costs of litigation without compensation of any kind as his fee has been wholly contingent upon the result achieved. Since this case settled relatively quickly, Plaintiff's counsel is not seeking to be reimbursed for half of the filing fee. This enabled Plaintiff to receive an additional $200.

Thus, the amount Plaintiff's counsel is seeking is in line with other FLSA settlements. *See Santos v EL Tepeyac Butcher Shop, Inc.,* 2015 WL 90712, at * 4 (S.D.N.Y. Dec. 15, 2015). Courts in this circuit have also held that one-third contingency fee satisfies the broad remedial purposes of the FLSA and the NYLL. *See Khait v. Whirpool Corp.,* No. 06-6381 (ALC), 2010 WL 2025106 (E.D.N.Y. 2010). Accordingly, it is submitted that the attorneys' fees are fair and reasonable.

Plaintiff's attorneys' time and labor warrants the requested fee. Plaintiff's counsel (1) met with Plaintiff to learn relevant facts; (2) drafted and filed the Complaint; (3) regularly communicated with Plaintiff to keep him updated regarding the progress of the case; (4) prepared damages' calculations; (5) prepared for mediation; (6) represented Plaintiff in mediation; (7) drafted settlement papers; (8) went over the agreement with Plaintiff; and (9) drafted the *Cheeks* approval letter. Admittedly the work discussed above is not unique or complex, but our office still spent the time necessary to obtain what we believe to be a strong result.

As set forth *supra*, Plaintiff faced a risk of loss based on disputed legal and factual issues. Moreover, Plaintiff's attorneys took this case pursuant to a retainer agreement with Plaintiff that stated that counsel would receive a percentage of the recovery only if Plaintiff obtained a recovery. Accordingly, Plaintiff's counsel faced a risk of receiving little or no payment for this work

depending on the outcome of the underlying claims. Thus, the magnitude, complexities, and risks of the litigation weigh in favor of approving the requested fee.

Plaintiff's counsel has extensive experience representing employees in wage and hour actions. I deal almost exclusively in employment law. I received my J.D. from Suffolk University Law School in 2005 and formed The Law Offices of Jacob Aronauer in 2013. Prior to starting my own practice, I worked at New York law firms, as well as the New York City Mayor's Office of Labor Relations for over four years, where I successfully represented New York agencies.

It is respectfully requested that the Court approval my firm's hourly rates of $415 for myself and $165 for paralegals. This is the hourly rate I charge (and receive) from my management side clients (at the Court's request I can provide redacted retainer agreements). This hourly rate was recently approved by Judge Aaron in *Leon v AYG Framing Constr. LLC*, 2022 U.S. Dist. LEXIS 150605, at * 11-3 (S.D.N.Y. Aug. 21, 2022) (Judge Aaron approving an hourly rate of $415 for myself and $165 for my paralegals).

The total legal fees in this matter is $3,927.10. Plaintiff's time records are annexed as Exhibit B. Thus, because of the labor required in this matter, the lodestar is slightly less than one. As the lodestar is below one, it is respectfully submitted that the Court approve the proposed attorney fees. *See Vidal v. Draft House*, 2020 U.S. Dist. LEXIS 166533, at * 4-5 (S.D.N.Y. Sept. 11, 2020) *citing Sakikio Fujwara v. Sushi Yasuda, Ltd.*, 58 Supp.3d 424, 439 (S.D.N.Y. 2014) (noting that a "lodestar multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases."). I also request that the Court take into consideration that this office recognized a solid settlement offer and did not needlessly run up legal fees to increase the lodestar.

Finally, the FLSA is a remedial statute designed to protect employees from unfair labor practices. 29 U.S.C. 202(a). A fair attorneys' fee award that considers the services provided and the risks undertaken furthers these remedial purposes. For the reasons set forth above, we respectfully request that the Court approve the attorneys' fees and costs set forth in the settlement agreement.

### *Conclusion*

Considering the foregoing, the parties respectfully submit that the proposed settlement amount is fair and reasonable, and further, that the terms of the settlement agreement comport with the requirements under the FLSA and NYLL. The parties respectfully request that the Court approve the settlement, and so-order the Stipulation and Order of Dismissal with Prejudice.

We thank the Court for its time and consideration.

                                                           Respectfully submitted,

                                        By:    */s Jacob Aronauer*
                                                    Jacob Aronauer, Esq.

Attachments

cc:     All Counsel (via ECF)

# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered as of December ___ 2022, between Jose Linares ("Plaintiff") on the one hand, and Cosan Construction Corp., Cosan New York Inc., and Terence Ferguson (each a "Defendant," collectively, the "Defendants"), on the other hand. Plaintiff and Defendants are referred to herein as each a "Party," collectively, the "Parties."

## RECITALS

**WHEREAS**, Plaintiff commenced a civil action against Defendants by filing a complaint (the "Complaint") on July 23, 2022 in the United States District Court for the Southern District of New York, styled *Linares v. Cosan Construction Corp. et al*, Case No. 1:22-CV-06267 (VSB) (the "Litigation");

**WHEREAS**, the Court in the Litigation has made no findings as to the merits of the Complaint;

**WHEREAS**, the Parties now desire to settle fully and finally all wage and hour employment-related claims that Plaintiff had, has, or may have had against the Defendants, including but not limited to the claims asserted in the Litigation;

**WHEREAS**, the Parties, with the full assistance of and through consultation with their counsel, freely and voluntarily enter into this Agreement;

**WHEREAS**, nothing contained in this Agreement shall, in any way, be construed or considered to be an admission by any Party of any guilt, fault or liability under, violation of, or noncompliance with any federal, state, or local law or statute;

**WHEREAS**, the Parties believe that this Agreement is fair and reasonable and in the best interests of all Parties; and

**NOW, THEREFORE**, in consideration of the mutual covenants and other good and valuable consideration as set forth in this Agreement, the receipt and legal sufficiency of which are hereby acknowledged, the Parties agree as follows:

### A. Incorporation of Recitals

1. Each of the foregoing recitals is hereby incorporated herein by reference as if fully set forth below.

### B. Settlement Payment

1. In exchange for the promises contained in this Agreement, the Defendants, in accordance with the terms of this Agreement, shall pay to Plaintiff and Plaintiff's counsel the total

settlement amount of $10,200.00 (the "Settlement Amount"), inclusive of attorneys' fees and costs, as follows:

    a.    Within Seven Days after Court approval of this Agreement, Defendants will make the following payments for a total of $10,200.00:

        i.    Counsel for Plaintiff shall receive a payment in the amount of $3,533.33 made out as "Jacob Aronauer Esquire.".

        ii.    Plaintiff shall receive a payment in the amount of $6,666.67 made out as "Jose Linares".

    b.    Payments shall be sent to Jacob Aronauer, Esq., of The Law Offices of Jacob Aronauer, 225 Broadway, 3rd Floor, New York, NY 10007."

    2.    Prior to delivery of any portion of the Settlement Amount, Plaintiff, through counsel for Plaintiff, shall deliver to Defendants, through Defendants' counsel, a completed IRS Form W-9 executed by Plaintiff, as well as a separate Form W-9 executed by counsel for Plaintiff. Plaintiff acknowledges and understands that under no circumstances will the Settlement Amount be paid, in whole or in part, until the executed Form W-9s have been delivered to Defendants' counsel.

    3.    Defendants shall provide Plaintiff and counsel for Plaintiff with IRS Forms 1099 for their respective portions of the Settlement Amount and shall not make any tax withholdings on the payments to Plaintiff and counsel for Plaintiff. Plaintiff accepts full and exclusive responsibility for the payment of any and all tax obligations arising out of the payment contemplated herein made to him, and he agrees that he will report and pay whatever taxes may be due, if any, or as a result of Defendants' payment of Plaintiffs' counsel fees (the "Tax Liability"). Plaintiff hereby agrees to indemnify, defend and hold harmless Defendants against any claims or liability of any nature whatsoever relating to any Tax Liability, including, without limitation, all taxes, interest, fines, penalties or other liabilities to the IRS and/or any other taxing authority or other governmental agency (whether federal, state or local), that may be made in connection with such claim, and any attorneys' fees, costs, disbursements, interest and the like incurred solely in defense of such claim. Plaintiff further acknowledges and agrees that Defendants and their counsel have not provided Plaintiff with any advice regarding the tax treatment, obligations and consequences, if any, of any of the payments tendered in connection with this Agreement. Plaintiff has had the opportunity to obtain advice from a tax professional.

## C.    Stipulation of Dismissal

    1.    Within 7 days of Defendants making full payment of the Settlement Amount and upon both checks clearing, Plaintiff, through counsel, shall file with the Court a stipulation of dismissal with prejudice in accordance with Fed. R. Civ. P. 41(1)(A)(i). Notwithstanding the filing of the Stipulation of Dismissal, the Parties agree that the United States District Court for the Southern District of New York (the "Court"), will retain jurisdiction over this matter in the event

56742/0004-44387032v1

either Party defaults with respect to their obligations under the Agreement and to enforce the terms of the Agreement.

**D.     Release and Covenant Not to Sue**

1.      In consideration for the Settlement Amount and other consideration provided by Defendants as described in this Agreement, Plaintiff, individually and on behalf of his heirs, executors, administrators, agents, successors and assigns, hereby agrees to hereby waive, release, and forever discharge, to the maximum extent permitted by law, Defendants and their current and former parent corporations, subsidiaries, affiliates, divisions, officers, directors, shareholders, members, owners, managers, investors, employees, representatives, accountants, attorneys, insurers, insurance carriers and agents, from any and all manner of actions, causes of actions, suits, debts, obligations, damages, complaints, liabilities, losses, covenants, contracts, controversies, agreements, promises, expenses (including attorneys' fees and costs), extents, executions, claims and demands whatsoever at law or in equity concerning any labor law claims that were or could have been brought by Plaintiff in the Litigation, including but not limited to claims for unpaid compensation, unpaid minimum wages, unpaid overtime wages, record keeping violations, wage statement violations, and any claims under any provisions of the Fair Labor Standards Act and/or the New York Labor Law (collectively, the "Released Claims"). The release described in this paragraph shall not extend to any rights for unemployment benefits or any claims which Plaintiff is precluded from waiving by operation of law or claims that arise after the date of the Parties' execution of this Agreement.

2.      Plaintiff further agrees to waive any rights to become, and promises not to become, a member of any class or FLSA collective in a case in which any of the Released Claims are asserted against any of the Defendants. If without prior knowledge or consent, Plaintiff is made a member of a class in any such proceeding, Plaintiff agrees not to participate or file any class claims in that proceeding, and will affirmatively opt-out of the case. Plaintiff also waives any right to any monetary recovery should any governmental agency or other third party pursue any labor law claims on Plaintiff's behalf.

3.      Plaintiff agrees not to file any lawsuit or commence any other legal proceedings against any of the Defendants asserting any causes of action related to the claims released by this Agreement with respect to potential wage related claims under the FLSA and the NYLL. If Plaintiff breaches the promise contained in this paragraph, he shall pay, in addition to damages, all reasonable attorneys' fees incurred by any of the Defendants in defending the lawsuit or other proceeding. This paragraph shall not apply to a lawsuit or proceeding brought by Plaintiff to enforce the terms of this Agreement or any other claim that cannot be waived as a matter of law

4.      As of the date of signing this Agreement, Plaintiff is not aware of any non-wage related claims he may have against any of the Defendants.

5.      Plaintiff represents that he has not submitted any complaints or claims against any of the Defendants with any governmental agency arising under any labor or wage-related law, and specifically as to any of the Released Claims. Plaintiff further represents that he has not filed any claims in any court against any of the Defendants, other than the claims asserted in the Litigation.

3

6. Defendants represent that they have not filed any claims in any court against Plaintiff.

### E. Sufficient Consideration

1. Plaintiff acknowledges that he has received sufficient consideration as set forth in this Agreement. Plaintiff further acknowledges that the release provisions set forth in Section D shall be given full force and effect in accordance with each and all of the terms of this Agreement. Plaintiff further acknowledges that his employment with Defendants has ended and that upon receipt of the consideration as set forth herein, he has been paid in full for all time worked and is owed no other forms of compensation.

2. Defendants acknowledge that they have received sufficient consideration as set forth in this Agreement. Defendants further acknowledge that the release provisions set forth in Section D shall be given full force and effect in accordance with each and all of the terms of this Agreement.

### F. Failure to Make Payment

1. In the event that any of the Settlement Amount described in Section A is not received in the office of counsel for Plaintiff by the close of business on the due date, or any check given as payment hereunder is dishonored, counsel for Plaintiff shall send notice to cure to counsel for Defendants, Jason R. Finkelstein, via electronic mail to jfinkelstein@coleschotz.com.

2. In the event Defendants fail to cure such default within seven calendar days from the receipt of such notice, Plaintiff may seek to enforce the terms of this Agreement, and Plaintiff shall be entitled to recover all reasonable attorneys' fees and costs incurred in enforcing the terms of this Agreement, if Plaintiff is successful in any such enforcement action.

### G. Representations and Acknowledgments

1. Plaintiff represents that he has consulted with counsel prior to signing this Agreement and that this Agreement is the product of arms-length negotiations between the Parties.

2. Plaintiff further represents that:

   a. he is competent, as a matter of law, to enter into this Agreement;

   b. he has reviewed each and every provision of this Agreement;

   c. the Agreement has been explained to him by his counsel;

   d. the Agreement appears to him to have been written in a matter calculated to be understood by him;

4

  e. he does in fact fully understand the Agreement, including the release of claims;

  f. he has relied on his own judgment and that of his counsel regarding the language of this Agreement and the consideration described in Section B;

  g. he voluntarily and knowingly enters into this Agreement of his own free will; and

  h. he had the terms of this Agreement read to him in his native language of Spanish.

3. Plaintiff acknowledges that the settlement memorialized by this Agreement was reached after arms-length negotiations and that this Agreement is fair and reasonable given the risks of litigation, including a bona fide dispute between the Parties about, among other things, the number of overtime hours Plaintiff worked, whether Plaintiff was fully compensated for any overtime hours worked, and whether Plaintiff had viable claims regarding wage statements and wage notices.

4. Plaintiff further represents that none of the Defendants have made any representations concerning the terms or the effects of this Agreement other than those contained in this Agreement, that his decision to sign this Agreement is not based in whole or in part on any statement or promise that does not appear within the four corners of this Agreement, and that he has been fairly represented by his counsel throughout these proceedings. No statements made by any of the Defendants, their counsel or any other party have in any way coerced or unduly influenced Plaintiff to execute this Agreement.

## H. Additional Terms

1. Non-Admission. This Agreement does not constitute an admission by any Party of violating any law, committing any tort, breaching any contract or committing any wrongdoing whatsoever. Plaintiff expressly acknowledges that Defendants continue to deny any wrongdoing as alleged in the Complaint.

2. Choice of Law and Venue. This Agreement is made and entered into in the State of New York and shall in all respects be interpreted, enforced and governed under the laws of New York. The Parties stipulate and consent that the Court shall retain jurisdiction over this matter to enforce the terms of this Agreement once approved by the Court in the Litigation.

3. Binding Agreement. This Agreement shall be binding upon the Parties and upon their respective heirs, administrators, representatives, executors, predecessors, and assigns, and shall inure to the benefit of Plaintiff, Defendants, and to their respective representatives, predecessors, and assigns.

4.  **Jointly Drafted.** This Agreement has been jointly drafted by the Parties. The language of all parts of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties, all of whom drafted it.

5.  **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties regarding the subject matter contained within and fully supersedes any and all prior oral or written agreements or understandings between the Parties pertaining to the subject matter contained within. This Agreement may be modified only in writing signed by all Parties.

6.  **Severability.** Should any provision of this Agreement be determined by any court of competent jurisdiction to be illegal or invalid, the remainder of this Agreement shall remain fully enforceable.

7.  **No Waiver.** Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of such term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

8.  **Counterparts.** This Agreement may be executed in counterparts, each of which shall be deemed an original for all purposes. All counterparts shall be construed together and shall constitute one agreement.

9.  **Signatures.** A facsimile or scanned signature shall be deemed an original for all purposes of this Agreement.

10. **Headings.** Section headings are used in this Agreement for reference only and do not affect the meaning of any provision of this Agreement.

11. **No Assignments.** The Parties affirm and warrant that no person or entity other than themselves had or has any claims to or any interest in the subject matter of this Agreement; that they have the sole right and exclusive authority to execute this Agreement; and that they have not sold, assigned, transferred, conveyed or otherwise disposed of any claim or demand relating to any matter covered by this Agreement.

12. **Authority.** The Parties warrant that they each have the authority to enter into this Agreement for themselves or, in the case of Defendants, via their authorized representative. Each Party agrees that this Agreement is not valid and binding until it is signed by all Parties and approved by the Court.

13. **No Publicity.** Plaintiff's counsel shall not specifically advertise this settlement and/or issue a press release concerning the settlement of this Litigation. Furthermore, neither Plaintiff nor Plaintiff's counsel will initiate discussions about the amount of settlement to any third parties outside of immediate family members and/or their respective accountant.

## I. Knowing Agreement After Consultation with Counsel and Revocation

ALL PARTIES HAVE CONSULTED WITH THEIR RESPECTIVE COUNSEL PRIOR TO SIGNING THIS AGREEMENT AND REPRESENT TO THE OPPOSING PARTIES THAT THEY HAVE DONE SO. HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS SET FORTH ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH HIS COUNSEL, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE THE CLAIMS CONTAINED IN SECTION D OF THIS AGREEMENT. DEFENDANTS HAVE BEEN ADVISED BY THEIR COUNSEL AND UNDERSTAND AND AGREE THAT FAILURE TO FULLY AND TIMELY PAY THE SETTLEMENT AMOUNT, IF UNCURED, MAY RESULT IN FURTHER LITIGATION WHERE THE DEFENDANTS HAVE AGREED TO PAY PLAINTIFF'S REASONABLE ATTORNEYS' FEES AND COSTS IF PLAINTIFF IS SUCCESSFUL IN SUCH ACTION. HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO OBTAIN THE RELEASES, PROMISES AND BENEFITS SET FORTH ABOVE, DEFENDANTS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH THEIR COUNSEL, ENTER INTO THIS AGREEMENT INTENDING TO BIND THEMSELVES TO ALL OBLIGATIONS AND POTENTIAL CONSEQUENCES FOR NON-PAYMENT OF ANY AMOUNTS REQUIRED TO BE PAID UNDER THIS AGREEMENT.

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below.

**PLAINTIFF:**

Date: 01-09-23

JOSE LINARES

**DEFENDANTS:**

Date: _____

COSAN CONSTRUCTION, CORP.
by Terence Ferguson,
officer and authorized representative

Date: _____

COSAN NEW YORK INC.
by Terence Ferguson,
officer and authorized representative

Date: _____

TERENCE FERGUSON

56742/0004-44387032v1

## I. Knowing Agreement After Consultation with Counsel and Revocation

ALL PARTIES HAVE CONSULTED WITH THEIR RESPECTIVE COUNSEL PRIOR TO SIGNING THIS AGREEMENT AND REPRESENT TO THE OPPOSING PARTIES THAT THEY HAVE DONE SO. HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS SET FORTH ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH HIS COUNSEL, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE THE CLAIMS CONTAINED IN SECTION D OF THIS AGREEMENT. DEFENDANTS HAVE BEEN ADVISED BY THEIR COUNSEL AND UNDERSTAND AND AGREE THAT FAILURE TO FULLY AND TIMELY PAY THE SETTLEMENT AMOUNT, IF UNCURED, MAY RESULT IN FURTHER LITIGATION WHERE THE DEFENDANTS HAVE AGREED TO PAY PLAINTIFF'S REASONABLE ATTORNEYS' FEES AND COSTS IF PLAINTIFF IS SUCCESSFUL IN SUCH ACTION. HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO OBTAIN THE RELEASES, PROMISES AND BENEFITS SET FORTH ABOVE, DEFENDANTS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH THEIR COUNSEL, ENTER INTO THIS AGREEMENT INTENDING TO BIND THEMSELVES TO ALL OBLIGATIONS AND POTENTIAL CONSEQUENCES FOR NON-PAYMENT OF ANY AMOUNTS REQUIRED TO BE PAID UNDER THIS AGREEMENT.

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below.

**PLAINTIFF:**

Date: _____        _____
                              JOSE LINARES


**DEFENDANTS:**

Date: 1-5-23        _____
                    COSAN CONSTRUCTION, CORP.
                    by Terence Ferguson,
                    officer and authorized representative


Date: 1.5.23        _____
                    COSAN NEW YORK INC.
                    by Terence Ferguson,
                    officer and authorized representative

Date: 1.5.23

_____
TERENCE FERGUSON

# EXHIBIT B

# Law Offices of Jacob Aronauer

# INVOICE

225 Broadway, 3rd Floor
New York, New York 10007
Phone: (212) 323-6980

Invoice # 228
Date: 01/11/2023
Due On: 02/10/2023

Jose Gilberto Linares
1469 5th Ave
New York, NY 10035

### 00442-Linares

## Linares v. Cosan Construction Corp. et al

| Type | Date | Notes | Quantity | Rate | Total |
|---|---|---|---|---|---|
| Service | 05/31/2022 | Paralegal Fees - Maria: Meeting with Plaintiff Diego Orea | 0.82 | $165.00 | $135.30 |
| Service | 05/31/2022 | Paralegal Fees - Maria: Scanned paystubs and saved them in the H drive | 0.39 | $165.00 | $64.35 |
| Service | 05/31/2022 | Paralegal Fees - Elena: Drafting complaint | 0.67 | $165.00 | $110.55 |
| Service | 06/03/2022 | Paralegal Fees - Elena: Drafting complaint | 0.75 | $165.00 | $123.75 |
| Service | 06/05/2022 | Paralegal Fees - Elena: drafting arbitration complaint | 0.75 | $165.00 | $123.75 |
| Service | 06/06/2022 | Paralegal Fees - Elena: drafting damages spreadsheet | 0.67 | $165.00 | $110.55 |
| Service | 06/07/2022 | Paralegal Fees - Corey: Review damages spreadsheets with Elena | 0.34 | $200.00 | $68.00 |
| Service | 06/09/2022 | Paralegal Fees - Maria: In person Intake Jose Linares | 0.39 | $165.00 | $64.35 |
| Service | 06/09/2022 | Paralegal Fees - Maria: Copied, Scanned, and saved Linares' paystubs | 0.14 | $165.00 | $23.10 |
| Service | 06/10/2022 | Paralegal Fees - Elena: Adding Linares to Orea arbitration complaint | 0.92 | $165.00 | $151.80 |
| Service | 06/13/2022 | Paralegal Fees - Elena: Adding Linares to Orea damages spreadsheet | 1.00 | $165.00 | $165.00 |
| Service | 06/13/2022 | Paralegal Fees - Elena: Adjusting damages spreadsheet | 0.25 | $165.00 | $41.25 |
| Service | 06/14/2022 | Paralegal Fees - Elena: reviewing spreadsheets and arbitration complaint | 0.25 | $165.00 | $41.25 |
| Service | 06/16/2022 | Paralegal Fees - Elena: updating spreadsheet and complaint | 0.34 | $165.00 | $56.10 |
| Service | 06/27/2022 | Paralegal Fees - Elena: revising Orea complaint | 1.00 | $165.00 | $165.00 |

| | | | | | |
|---|---|---|---|---|---|
| Service | 07/12/2022 | Paralegal Fees - Maria: Called the clients to ask for Settlement Authority | 0.08 | $165.00 | $13.20 |
| Service | 07/19/2022 | Paralegal Fees - Maria: Plaintiff Linares brought additional paystubs. They were scanned and saved in the H drive | 0.21 | $165.00 | $34.65 |
| Service | 07/28/2022 | Paralegal Fees - Devon: Send summons and complaint | 0.50 | $165.00 | $82.50 |
| Service | 09/16/2022 | Paralegal Fees - Maria: Informed the client about the mediation taking place on Nov 3rd | 0.04 | $165.00 | $6.60 |
| Service | 10/11/2022 | Attorney Fees - Jacob: Work on letter about selection of the arbitrator. | 0.56 | $415.00 | $232.40 |
| Service | 11/08/2022 | Paralegal Fees - Maria: client was asked about his availability to re-schedule the mediation. | 0.09 | $165.00 | $14.85 |
| Service | 12/02/2022 | Paralegal Fees - Alicia: Call with the client to confirm his attendance at the office at 9:45 AM on Monday. | 0.05 | $165.00 | $8.25 |
| Service | 12/05/2022 | Paralegal Fees - Maria: Attended mediation | 3.00 | $165.00 | $495.00 |
| Service | 12/05/2022 | Attorney Fees - Jacob: Prepare for mediation. | 0.76 | $415.00 | $315.40 |
| Service | 12/05/2022 | Attorney Fees - Jacob: Actual mediation. | 1.80 | $415.00 | $747.00 |
| Service | 12/06/2022 | Paralegal Fees - Sydney: Drafted proposed settlement agreement | 1.42 | $165.00 | $234.30 |
| Service | 12/06/2022 | Paralegal Fees - Sydney: Drafted Cheeks letter | 1.09 | $165.00 | $179.85 |
| Service | 12/29/2022 | Attorney Fees - Jacob: Review and edits to settlement agreement. | 0.35 | $445.00 | $155.75 |
| Service | 12/30/2022 | Attorney Fees - Jacob: Draft Cheeks letter. | 0.86 | $445.00 | $382.70 |
| Service | 01/06/2023 | Paralegal Fees - Maria: Translated Settlement Agreement and sent it to the client | 0.29 | $175.00 | $50.75 |
| Service | 01/09/2023 | Paralegal Fees - Maria: Went over the Settlemnt Agreement with the client | 0.39 | $175.00 | $68.25 |

**Total** **$4,465.55**

## Detailed Statement of Account

### Current Invoice

| Invoice Number | Due On | Amount Due | Payments Received | Balance Due |
|---|---|---|---|---|
| 228 | 02/10/2023 | $4,465.55 | $0.00 | $4,465.55 |

Invoice # 228 - 01/11/2023

|  |  |
|---|---|
| **Outstanding Balance** | **$4,465.55** |
| **Total Amount Outstanding** | **$4,465.55** |

Please make all amounts payable to: Law Offices of Jacob Aronauer

Please pay within 30 days.