```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOSE LINARES,                                    :
                                                 :
                                                 :
                            Plaintiff,           :     22-CV-6267 (VSB)
                                                 :
              -against-                          :     OPINION & ORDER
                                                 :
                                                 :
COSAN CONSTRUCTION CORP., COSAN                  :
NEW YORK INC. and TERRENCE                       :
FERGUSON, individually,                          :
                                                 :
                            Defendants.          :
                                                 :
-------------------------------------------------------- X
```

Jacob Aronauer
The Law Offices of Jacob Aronauer
New York, New York
*Counsel for Plaintiff*

Brian L. Gardner
Jason Robert Finkelstein
Cole Schotz P.C.
New York, New York
*Counsel for Defendants*

<u>VERNON S. BRODERICK</u>, United States District Judge:

On January 11, 2023, the parties filed a joint letter motion seeking approval of the settlement agreement reached in this Fair Labor Standards Act ("FLSA") case. (Doc. 26 ("Settlement Ltr."); *see also* Doc. 26, Ex. A ("Settlement").) Parties may not privately settle FLSA claims and stipulate to the case's dismissal pursuant to Fed. R. Civ. P. 41(a) without the approval of the district court or the Department of Labor. *See Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 807 (2d Cir. 2022); *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). In the absence of Department of Labor approval, the parties must demonstrate to this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015)

1

(internal quotation marks omitted). Because Plaintiff fails to (1) provide the purported document setting forth Plaintiff's alleged damages, and (2) provide billing records that solely related to work done on Plaintiff's case, and the Settlement contains an impermissibly drafted "No Publicity" clause, I cannot conclude that the Settlement is fair and reasonable. Therefore, Plaintiff's motion seeking an order approving the Settlement is DENIED.

## I.      Legal Standard

To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted).

"In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020). In requesting attorneys' fees and costs, "[t]he fee applicant must submit adequate documentation supporting the [request]." *Id.* The Second Circuit has described a presumptively reasonable fee as one "'that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case.'" *Restivo v. Hessemann*, 846 F.3d 547, 589 (2d Cir. 2017) (quoting *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010)). A fee may not be reduced "merely because the fee would be disproportionate to the financial interest at stake in the litigation." *Fisher*, 948 F.3d at 602 (quoting *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)).

"When a district court concludes that a proposed settlement in a FLSA case is unreasonable in whole or in part, it cannot simply rewrite the agreement, but it must instead reject the agreement or provide the parties an opportunity to revise it." *Id.* at 597.

## II. Discussion

### A. *Settlement Amount*

I first consider the settlement amount. Plaintiff Jose Linares ("Plaintiff" or "Linares") filed his complaint seeking to recover unpaid overtime compensation, liquidated damages, compensatory damages for alleged wage notice and wage statement violations, pre-judgment and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA, New York Labor Law and New York State Wage Theft Prevention Act. (Doc. 7 at 1–2, 5, 10.) When seeking approval of a FLSA settlement, the plaintiff "must supply calculation addressing all possible sources of a plaintiff's potential damages." *Leonardo v. Reza Fast Food, Inc.*, No. 20-CV-8879 (VSB), 2022 WL 2440975, at *2 (S.D.N.Y. July 5, 2022).

Plaintiff asserts that "[a] spreadsheet setting forth Plaintiff's alleged damages is annexed [to the Settlement Letter]," (*see* Settlement Ltr. at 2.), and that his "'best scenario' is over $15,000.00." (*Id.*) Plaintiff further asserts that, "As reflected in the damage calculations, Plaintiff believes he is owed approximately $2,800.00 in unpaid overtime." (*Id.*) However, Plaintiff failed to provide this spreadsheet.

Given that I do not have sufficient information concerning Plaintiff's range of possible recovery or how that recovery is broken down, I cannot evaluate the reasonableness of the settlement amount. Therefore, I cannot find the proposed Settlement agreement to be fair and reasonable.

3

### B.    *Attorneys' Fees*

A district court in this Circuit, in its discretion, may calculate attorneys' fees using either the lodestar method or the percentage of the fund method. *See McDaniel v. County of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). "[C]ourts in the Second Circuit routinely award attorney's fees in FLSA settlements of one-third of the total recovery." *Zorn-Hill v. A2B Taxi LLC*, No. 18-CV-11165 (KMK), 2020 WL 5578357, at *6 (S.D.N.Y. Sept. 17, 2020). Additionally, "[c]ourts regularly award lodestar multipliers from two to six times lodestar." *Johnson v. Brennan*, No. 10 Civ. 4712(CM), 2011 WL 4357376, at *20 (S.D.N.Y. Sept. 16, 2011); *see also Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 481–82 (S.D.N.Y. 2013) (finding that "the lodestar sought by Class Counsel, approximately 6.3 times, falls within the range granted by courts").

Under the proposed Settlement, Plaintiff's counsel would receive a total of $3,533.33. (Settlement at 2; Settlement Ltr. at 2). Plaintiff's counsel states that the "legal fees in this matter is [total] $3,927.10 [and that] Plaintiff's time records are annexed as Exhibit B." (*See* Settlement Ltr. at 4.) However, the time records show that the total amount that was billed for the Linares matter was $4,465.55, (*see* Doc. 26, Ex. B at 2), and include multiple entries that concern someone named Diego Orea, (*id*. at 1), apparently another client of Plaintiff's counsel. Plaintiff's counsel needs to show the breakdown of its legal fees and costs associated with Linares and provide an invoice that reflects entries involving only Linares in this matter or indicate which entries relate solely to Linares.[1]

Given that I do not have sufficient information to evaluate the reasonableness of the fees and costs, I cannot find the requested attorneys' fees and costs under the proposed Settlement to be fair and reasonable.

---

[1] It is not clear why billing entries for Orea appear in the billing records provided to support the attorneys' fees for Linares. Plaintiff's counsel should provide a brief explanation related to this issue in any subsequent filing seeking approval of the Settlement.

### C. "No Publicity" Clause

The Settlement provides a non-mutual clause stating that "Plaintiff's counsel shall not specifically advertise this settlement and/or issue a press release concerning the settlement of this Litigation. Furthermore, neither Plaintiff nor Plaintiff's counsel will initiate discussions about the amount of settlement to any third parties outside of immediate family and/or their respective accountant." (Settlement ¶ H.13.) Courts in this district have repeatedly rejected non-publicity provisions in FLSA settlement agreements. *See Tarbell-Littman v. TFO USA Ltd.*, No. 19-CV-3063 (BCM), 2019 WL 13226417, at *2 (S.D.N.Y. Nov. 8, 2019) (explaining that "[w]hile some judges in this District have approved non-publication provisions with similar limitations," many others have concluded that they impermissibly undermine the FLSA's purposes. *See*, *e.g.*, *Siddiky v. Union Square Hosp. Grp., LLC*, 2017 WL 2198158, at *7 (S.D.N.Y. May 17, 2017) (rejecting mutual non-publicity clause that provided that the parties "will not issue, send, or post, or cause to be issued, sent, or posted, any press release, posting, e-mail, or other verbal or written communication to any electronic, print, or digital media, blog, or social networking site"); *see also Sanz v. Johny Utah 51 LLC*, 2015 WL 1808935, at *2 (S.D.N.Y. Apr. 20, 2015) (rejecting confidentiality clause that prevented plaintiffs from disclosing the terms of the settlement, *inter alia*, "to the media or on social media" or by publishing any "blog entry, tweet, or other internet or social media posting")). Here, I find that the clause impermissibly undermines the purpose of the FLSA in that it arguably prohibits "a[] FLSA plaintiff from speaking truthfully about h[er] experiences, h[er] claims, and the resolution of h[er] lawsuit". *See Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 345 (S.D.N.Y. 2016) (internal quotation marks omitted); *see also Baikin v. Leader Sheet Metal, Inc.*, 16 Civ. 8194 (ER), 2017 WL 1025991, at *1 (S.D.N.Y. Mar. 13, 2017) ("Courts in this District have held that while not all non-disparagement clauses are *per se* objectionable, if the provision would bar plaintiffs from making any negative statement about the defendants, it must include a

carve-out for truthful statements about plaintiffs' experience litigating their case." (internal quotation marks omitted)).

Furthermore, the parties here have presented no rationale for the non-publicity provision. *See Amaro v. Barbuto, LLC*, 2017 WL 476730, at *3 (S.D.N.Y. Feb. 2, 2017) (rejecting a confidentiality provision in a FLSA settlement agreement where the parties failed to articulate any reason that such provision was needed). Although the provision carves out certain communications to immediate family members and accountants, it prohibits Plaintiff and his counsel from initiating discussions about the amount of settlement to any other third parties. (Settlement ¶ H.13.) This raises potential policy concerns. Provisions that limit a plaintiff's ability to communicate about a FLSA settlement are "contrary to public policy because they prevent the spread of information about FLSA actions to other workers (both employees of Defendants and others), who can then use that information to vindicate their statutory rights." *Lopez v. Ploy Dee, Inc.*, 2016 WL 1626631, at *3 (S.D.N.Y. Apr. 21, 2016); *see also Camacho v. Ess-A-Bagel, Inc.*, 2015 WL 129723, at *2 (S.D.N.Y. Jan. 9, 2015) ("non-disclosure provisions prevent workers from using a win to publicize both the wrongdoing of the employer and the possibility of success more generally") (internal quotation marks omitted). Absent a "compelling justification," the "No Publicity" clause at ¶ H.13 violates the public policy animating the FLSA and is therefore unenforceable. *See Garcia v. Jambox, Inc.*, 2015 WL 2359502, at *5 (S.D.N.Y. Apr. 27, 2015) ("the policies embodied in the FLSA themselves suggest that the court should not approve a confidentiality provision absent compelling justification").

Therefore, the parties must either (1) strike the "No Publicity" clause at ¶ H.13 from the proposed settlement, or (2) provide a compelling justification for the provision and modify it to be mutual and to indicate it is not meant to bar Plaintiff or Plaintiff's counsel from truthfully speaking about their experiences litigating the case.

### III. **Conclusion**

For the reasons stated above, I find that the deficiencies in the proposed Settlement agreement render the agreement not fair and reasonable. Accordingly, the parties' request that I approve the proposed Settlement agreement is DENIED without prejudice. The parties may proceed by either:

1. Filing the missing and/or corrected documentation and a revised proposed settlement agreement within twenty-one (21) days of the date of this Opinion & Order that cures the deficiencies discussed above and any other terms that are not appropriate under the FLSA; or

2. Filing a joint letter within twenty-one (21) days of the date of this Order that indicates the parties' intention to abandon settlement, at which point I will set a date for a status conference.

SO ORDERED.

Dated: February 12, 2024
New York, New York

_____
Vernon S. Broderick
United States District Judge