UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

JOSE LINARES,

                   Plaintiff,     :         22-CV-6267 (VSB)

          -against-      :       **OPINION & ORDER**

COSAN CONSTRUCTION CORP., COSAN
NEW YORK INC., and TERENCE
FERGUSON,

              Defendants.   :

------------------------------------------------------------X

Jacob Aronauer
The Law Offices of Jacob Aronauer
New York, New York
*Counsel for Plaintiff*

Brian L. Gardner
Jason Robert Finkelstein
Cole Schotz P.C.
New York, New York
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

       On January 11, 2023, after it was reported that the parties had reached a settlement

agreement in this Fair Labor Standards Act ("FLSA") case, I directed the parties to submit their

settlement agreement for approval. (Docs. 24–25.) Parties may not privately settle FLSA claims

and stipulate to the case's dismissal pursuant to Rule 41(a) of the Federal Rules of Civil Procedure

without the approval of the district court or the Department of Labor. *See Samake v. Thunder Lube,*

*Inc.*, 24 F.4th 804, 806–07 (2d Cir. 2022); *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199,

200 (2d Cir. 2015). In the absence of Department of Labor approval, the parties must demonstrate

to me that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582,

584 (S.D.N.Y. 2015) (internal quotation marks omitted).

1

On January 11, 2023, the parties filed their settlement agreement and a letter in support of that agreement.  (Doc. 26 ("Settlement Ltr."); *see also* Doc. 26, Ex. A ("Settlement Agreement")).  After reviewing those materials, I found that Plaintiff failed to (1) provide the purported document setting forth Plaintiff's alleged damages, and (2) provide billing records that related solely to work done on Plaintiff's case.  In addition, I found that the Settlement Agreement's "No Publicity" clause impermissibly undermined the purpose of the FLSA in that it arguably prohibited "a[] FLSA plaintiff from speaking truthfully about h[er] experiences, h[er] claims, and the resolution of h[er] lawsuit."  *See Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 345 (S.D.N.Y. 2016); *see also Baikin v. Leader Sheet Metal, Inc.*, 16-CV-8194, 2017 WL 1025991, at *1 (S.D.N.Y. Mar. 13, 2017) ("Courts in this District have held that while not all non-disparagement clauses are *per se* objectionable, if the provision would bar plaintiffs from making any negative statement about the defendants, it must include a carve-out for truthful statements about plaintiffs' experience litigating their case."  (internal quotation marks omitted)).  Therefore, I held that the Settlement Agreement was not fair and reasonable, rejected the Settlement Agreement, and ordered the parties to file either a revised settlement agreement or a joint letter indicating the parties' intention to abandon settlement.  (Doc. 33.)

On February 29, 2024, the parties filed an amended settlement agreement.  (Doc. 34 ("Amended Settlement Agreement").)  Having reviewed the materials before me, I conclude that the Amended Settlement Agreement is fair and reasonable.  Therefore, the parties' joint motion seeking an order approving the Amended Settlement Agreement and entering the proposed Stipulation and Order of Dismissal with prejudice is GRANTED.

## I.     Legal Standard

To determine whether a settlement is fair and reasonable under FLSA, I "consider the totality of circumstances, including but not limited to the following factors:  (1) the plaintiff's range

of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted).

"In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020).  In requesting attorneys' fees and costs, "[t]he fee applicant must submit adequate documentation supporting the [request]." *Id.*  "A reasonable hourly rate is a rate 'in line with . . . prevailing rates in the community for similar services by lawyers of reasonably comparable skill, expertise and reputation.'" *McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984)) (alterations omitted).  A fee may not be reduced "merely because the fee would be disproportionate to the financial interest at stake in the litigation."  *Fisher*, 948 F.3d at 602 (internal quotation marks omitted).

"When a district court concludes that a proposed settlement in a FLSA case is unreasonable in whole or in part, it cannot simply rewrite the agreement, but it must instead reject the agreement or provide the parties an opportunity to revise it." *Id*. at 597.

## II.    Discussion

I have reviewed the Amended Settlement Agreement, supporting evidence, and supplemental material in order to determine whether the terms are fair and reasonable.  I find that they are and approve the Amended Settlement Agreement.

### A.    *Clarified Settlement Amounts*

Plaintiff Jose Linares ("Plaintiff" or "Linares") filed his complaint seeking to recover unpaid

overtime compensation, liquidated damages, compensatory damages for alleged wage notice and

wage statement violations, pre-judgment and post-judgment interest, and attorneys' fees and costs

pursuant to the FLSA, New York Labor Law and New York State Wage Theft Prevention Act.

(Doc. 7 at 1–2, 5, 10.)  As explained in my prior order, (Doc. 33 at 3), when seeking approval of a

FLSA settlement, the plaintiff "must supply calculation addressing all possible sources of a

plaintiff's potential damages."  *Leonardo v. Reza Fast Food, Inc.*, No. 20-CV-8879, 2022 WL

2440975, at *2 (S.D.N.Y. July 5, 2022).  Specifically, in my prior order rejecting the Settlement

Agreement, I stated:

> Plaintiff asserts that "[a] spreadsheet setting forth Plaintiff's alleged damages
> is annexed [to the Settlement Letter]," . . . and that his "best scenario is over
> $15,000.00."  Plaintiff further asserts that, "[a]s reflected in the damage
> calculations, Plaintiff believes he is owed approximately $2,800.00 in unpaid
> overtime." . . . However, Plaintiff failed to provide this spreadsheet.  Given
> that I do not have sufficient information concerning Plaintiff's range of
> possible recovery or how that recovery is broken down, I cannot evaluate the
> reasonableness of the settlement amount.

 (*See* Doc. 33 at 3.)

In the Amended Settlement Agreement, Plaintiff provides the missing spreadsheet, which

explains how the amount to be paid to Plaintiff—$6,666.67—is fair and reasonable when compared

to Plaintiff's maximum possible recovery.  (Doc. 34, Ex. B.)  Based on his records, Plaintiff

estimates that if he were to prevail in this case, he would be entitled to unpaid overtime

compensation in the amount of $2,805.00.  (*Id.*)  Plaintiff estimates that he would be entitled to

$15,610.00 were he to recover fully on his claims.  (*Id.*)  Of the $10,200.00 settlement amount,

Plaintiff will receive approximately one-third of the total $10,200.00 settlement amount—

$6,666.67—as compared to the $15,610.00 that he would have possibly recovered if he were to

prevail at trial.  Even excluding the attorneys' fees and costs from the Amended Settlement

Agreement, the Amended Settlement amount of $6,666.67 that Plaintiff will receive still represents approximately 42.7 percent of the total possible recovery, which is well above other settlement percentages accepted in this District. *See Cronk v. Hudson Valley Roofing & Sheetmetal, Inc.*, 538 F. Supp. 3d 310, 322–23 (S.D.N.Y. 2021) (approving a settlement amount around 13 percent of plaintiff's potential recovery and collecting similar cases). In addition, nothing suggests that the Amended Settlement Agreement is the product of anything less than arm's-length bargaining between experienced counsel or is tainted by fraud or collusion. I therefore conclude that the settlement amount provided for in the Amended Settlement Agreement is fair and reasonable and in line with the settlement amounts in other cases approving FLSA settlements in this District.

   **B.   *Attorneys' Fees***

   District courts may calculate attorneys' fees using either the lodestar method or the percentage of the fund method. *See McDaniel v. County of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). As a general matter, the "starting point" in determining reasonable attorneys' fees is "the lodestar — the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-North R.R.*, 658 F.3d 154, 166 (2d Cir. 2011) (lodestar calculation creates a "presumptively reasonable fee" (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 183 (2d Cir. 2008))). The party seeking fees bears the burden of demonstrating that its requested fees are reasonable, *see Blum v. Stenson*, 465 U.S. 886, 897 (1984), and must provide the court with sufficient information to assess the fee application, *see N.Y. State Ass'n for Retarded Child., Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). "Fees of one-third in FLSA cases are routinely approved in this Circuit." *See Manley v. Midan Rest. Inc*., 14-CV-1693, 2017 WL 1155916, at *9 (S.D.N.Y. Mar. 27, 2017) (collecting cases); *see also Zorn-Hill v. A2B Taxi LLC*, No. 18-CV-11165, 2020 WL 5578357, at *6 (S.D.N.Y. Sept. 17, 2020) ("[C]ourts in the Second Circuit routinely award attorney's fees

in FLSA settlements of one-third of the total recovery.")  Additionally, "[c]ourts regularly award lodestar multipliers from two to six times lodestar." *Johnson v. Brennan*, No. 10-CV-4712, 2011 WL 4357376, at *20 (S.D.N.Y. Sept. 16, 2011); *see also Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 481–82 (S.D.N.Y. 2013) (finding that "the lodestar sought by Class Counsel, approximately 6.3 times, falls within the range granted by courts").

Under the Amended Settlement Agreement, Plaintiff's counsel will receive a total of $3,533.33, representing approximately one-third of the total settlement amount of $10,200.00.[1] (Amended Settlement Agreement at 2; Amended Settlement Ltr. at 1.)  Plaintiff's counsel states that its lodestar in this case is less than one, and that its legal fees amount to $3,308.05.  (Amended Settlement Ltr. at 4.)  Given that courts regularly award lodestar multipliers from two to six times lodestar, Plaintiff's counsel's receipt of a total of $3,533.33 is consistent with lodestar multipliers approved by other courts.  Accordingly, I conclude that the requested attorneys' fees and costs under the Amended Settlement Agreement to be fair and reasonable.

C.    *"No Publicity" Clause*

Courts in this district have repeatedly rejected non-publicity provisions in FLSA settlement agreements.  *See Tarbell-Littman v. TFO USA Ltd*., No. 19-CV-3063, 2019 WL 13226417, at *2 (S.D.N.Y. Nov. 8, 2019) (explaining that "[w]hile some judges in this District have approved non-publication provisions with similar limitations," many others have concluded that they impermissibly undermine the FLSA's purposes); *see*, *e.g.*, *Siddiky v. Union Square Hosp. Grp., LLC*, 2017 WL 2198158, at *7 (S.D.N.Y. May 17, 2017) (rejecting mutual non-publicity clause that

---

[1] In my prior order, I noted that Plaintiff's counsel's "time records show that the total amount that was billed for the Linares matter was $4,465.55 . . . and include multiple entries that concern someone named Diego Orea, . . . , apparently another client of Plaintiff's counsel.  Plaintiff's counsel needs to show the breakdown of its legal fees and costs associated with Linares and provide an invoice that reflects entries involving only Linares in this matter or indicate which entries relate solely to Linares."  (*See* Doc. 33 at 4.)  Plaintiff's counsel has since done so.  (*See* Doc. 34, Ex. C).

provided that the parties "will not issue, send, or post, or cause to be issued, sent, or posted, any press release, posting, e-mail, or other verbal or written communication to any electronic, print, or digital media, blog, or social networking site"); *see also Sanz v. Johny Utah 51 LLC*, 2015 WL 1808935, at *2 (S.D.N.Y. Apr. 20, 2015) (striking confidentiality clause that prevented the plaintiffs from disclosing the terms of the settlement, inter alia, "to the media or on social media" or by publishing any "blog entry, tweet, or other internet or social media posting")).

The original Settlement Agreement contained a non-mutual "No Publicity" clause that stated:  "Plaintiff's counsel shall not specifically advertise this settlement and/or issue a press release concerning the settlement of this Litigation. Furthermore, neither Plaintiff nor Plaintiff's counsel will initiate discussions about the amount of settlement to any third parties outside of immediate family and/or their respective accountant."  (Settlement Agreement ¶ H.13.)  In my previous order, I found the "No Publicity" clause impermissibly undermined the purpose of the FLSA in that it arguably prohibited a FLSA plaintiff from speaking truthfully about his experiences, his claims, and the resolution of his lawsuit.  (*See* Doc. 33 at 5.)  I also observed that the parties presented no rationale for the non-publicity provision.  (*Id.* at 6.)  Ultimately, I ruled that absent a compelling justification, the "No Publicity" clause at ¶ H.13 violated the public policy animating the FLSA and was therefore unenforceable.  (*Id.*)  Further, I stated: "[T]he parties must either (1) strike the 'No Publicity' clause at ¶ H.13 from the proposed settlement, or (2) provide a compelling justification for the provision and modify it to be mutual and to indicate it is not meant to bar Plaintiff or Plaintiff's counsel from truthfully speaking about their experiences litigating the case." (*Id.*)

In the Amended Settlement Agreement, the parties have elected to strike the "No Publicity" clause.  (*See* Doc. 34.)  Accordingly, the parties have resolved this issue.

### D.   *Remaining Provisions*

I conclude that all other provisions of the Amended Settlement Agreement are fair and reasonable.  The Amended Settlement Agreement does not contain any bar on Plaintiffs' employment with Defendants in the future.  I find the absence of this provision fair and reasonable.

### III.   <u>Conclusion</u>

For the reasons stated above, I conclude that the proposed Amended Settlement Agreement is fair and reasonable.  Accordingly, the Amended Settlement Agreement is APPROVED.  Within seven days of Defendants making full payment of the Settlement Amount and upon both checks clearing, Plaintiff shall file the proposed stipulation of dismissal with prejudice in accordance with Fed. R. Civ. P. 41(a)(1)(A)(ii).

SO ORDERED.

Dated:      June 3, 2024
            New York, New York

Vernon S. Broderick
United States District Judge